## DE FRANCA and others v. HOWARD.[1]

*(Circuit Court, E. D. Missouri. September 27, 1884.)*

1. DESCENT AND DISTRIBUTION—ALIENAGE—CHAPTER 110, §§ 2 AND 4, GEN. ST. MO. 1866, CONSTRUED.

Under the provisions of chapter 110 of the General Statutes of Missouri of 1866, where there is an intervening estate less than the fee limited by will to a devisee, aliens, who, but for their alienage, would inherit the remainder, have power to dispose of the interest which they would inherit if they were citizens, to parties capable of taking, at any time prior to the expiration of three years after the expiration of the intervening estate.

2. CONSIDERATION—IMPLIED WARRANTY OF TITLE.

*Semble,* that in such cases a contract by aliens to convey their interest in an estate which they are supposed to have, but have not in fact the right to dispose of, is sufficient consideration for a contract to pay for the conveyance, and the supposed possessors of the power are not bound, in the absence of fraud, to make good their right in order to recover the amount agreed to be paid.

At Law.

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

This is a suit upon a contract between plaintiffs and the defendant, whereby the former agreed to convey to the latter their interest in certain lands, situated in Missouri, in consideration of the sum of $5,250; $250 cash, balance to be paid upon delivery of a deed. The tender of a deed is alleged, and judgment for the unpaid balance of the purchase money asked.

*W. H. Clopton,* for plaintiff.

*Henry M. & Freeman A. Post,* for defendant.

MILLER, Justice, (*orally.*) The case of *De Franca and others* against *Howard,* which was heard upon Wednesday, will be disposed of this morning. I do not think it necessary to say much about it. De Franca died, the owner of certain property, which the plaintiff sold to the defendant. By a written contract the defendant agrees to pay $5,000 for it, in addition to $250 earnest money, which he had already paid. His contract was in writing, executed by both parties, and not denied by either of them. It is now argued by the defendant, in the first place, that the plaintiffs were not the heirs of De Franca as to this property, and therefore that the defendant got nothing by his contract. It is probably a sufficient answer to that to say that the plaintiff did not covenant to convey a title. They covenanted to convey their interest as the heirs of De Franca. I think, probably, that is not a covenant that they were the heirs of De Franca. At all events they bear such relation to him that they had something of value to sell, if they were not the legal heirs. It is perhaps proper to say that the objection—the main objection—is that they are aliens.

I shall not go into the testimony, because I think it is perfectly plain that these plaintiffs, if they had not been aliens, if they are not barred by the law of Missouri on the subject of alienage, have established the fact that they are the only living next of kin of De Franca. As a fact, we both find that without any hesitation. That being established, it is also a fact that they are aliens, and were at the time of De Franca's death.

De Franca made a will and left a wife. Apart from that will and that wife, these plaintiffs are the persons who, if they were not aliens, would inherit the real estate which they sold to Howard. The will of De Franca very distinctly gives to his wife a life-estate in this property, and places the title of that life-estate in Mr. Price for the use and benefit of that wife. The wife was insane, and is insane now. My opinion is that the result of that will was, as a matter of law, that—unless she or some one for her had asserted her right to a larger estate, which is not in controversy here, nobody saying anything about it whatever—my opinion is that the effect of that will is to limit her interest in the property to a life-estate, and that when she dies nobody can inherit that life-estate or can take anything through her title to that estate; that that is the interest and the only interest she has in it, or had on his death, unless she had resisted the

will. That leaves, then, the remainder of that estate after her death as the subject of consideration as to what became of it.

. I understand the law of Missouri to be that an alien who cannot inherit or cannot hold property has a right within three years from certain events to convey the title, or such title as he could have taken if he had not been an alien. He must do that, however, within three years from certain events. Counsel for defendant introduced evidence to show that the administration of the estate of De Franca was closed in 1869, and he insists that from that date the three years of limitation within which these alien descendants or collaterals of De Franca must have made the deed began, and that as they did not deed it within three years they had no power, and their deed conveyed nothing, and that there was an absolute want of consideration for the contract now sued on. As regards the particular date from which the three years must commence running, that contention is correct if there is no other estate intervening; but the statute fixes other times and other incidents indicating the date from which the three years commence running. One of them, in the clearest possible language, is the existence of "some other estate less than the fee-simple estate in another party than an alien," which, when it is terminated, the three years begin to run. Very well. As a matter of law, then, we hold that until the life-estate of the wife of De Franca terminates by her death, no bar, no three years, nor any other hindrance arises to prevent these alien heirs (I do not use the word "heirs" correctly, because they are not heirs, but next of kin) of De Franca from conveying the interest that will result to them when that death comes.

. The statute itself and its policy is a very clear one. It means that so long as the estate, the title, is in any body who is not an alien, and who by law can inherit or receive by devise title to land in the state of Missouri,—so long as that title is in anybody, no bar begins to run; but when that title has ended and the next person to take is an alien, that that person cannot take a fee-simple to himself, nor can he hold it when devolves on him any right or title to it, or whatever you may call it, longer than three years; but that within that three years, and any time before the expiration of three years, the law vests in him a power of appointment by which he can sell and convey the title which would come to him if he were not an alien, to any other person who is capable of taking and is not an alien, and who, under the laws of Missouri, can take and hold title. The result of this is that these parties had until three years after the death of Mrs. De Franca to make that appointment to convey that title to any person capable of taking it. They have done this in the case of Mr. Howard. They contracted to do it, and that contract was valid. They have proved that contract, and they are entitled to the money.

. Judgment, therefore, will be given for the plaintiff, with the interest, for $5,000.

*Mr. H. M. Post,* (of counsel for plaintiff.) As a matter of form we desire to enter our exceptions to the finding of the court.

*The Court,* (by Mr. Justice MILLER.) Let me do the best thing I can for you, Mr. Post. Exceptions to such a judgment as that do no good. These findings of law that you have asked me to find are not good. I cannot find and cannot sign a finding of facts that merely recites all that has been proved in this case; but the law says that the court may find the material facts on which the judgment rests, and if they do not justify the judgment you can take your writ of error on that and have it reviewed. In addition to that, you are entitled to show in your bill of exceptions that you excepted on the trial to the introduction of testimony. If you can make up a finding of facts suitable, on which you can agree among yourselves, I will be here until next Tuesday and sign it, as I want to give you a chance to take it up if you can. The main facts to be found are, simply, that De Franca died possessed of this property, having a title; that he made a will; that no other heirs have been found but these aliens; that they are the heirs, and that was for the court to find. I hold on both propositions the plaintiff is entitled to recover; that these plaintiffs had an interest such as they could sell, and which they did sell. I mean by that that they had the power, and that their conveyance conveyed the remainder after Mrs. De Franca's death. 1 hold, as a matter of law, whether they did or not, whether they were entitled to that thing or not, that the negotiations, the condition of the estate, the probability that Mr. Howard himself hunted up and found out that these were the real heirs, all that constitutes a matter of contract in which the heirs were not bound to make good their title, and which Mr. Howard took at his own risk. On both propositions of law I find for the plaintiffs. I never have volunteered much advice against my own judgments, but this is such a perfectly clear matter, both to Judge TREAT and myself, that I think Mr. Howard would be fooling away his money to prosecute the case further.

*Treat, J.* The effect of this judgment, Mr. Post, is this: Of course Mr. Howard has a perfect title, subject to that life-estate. It seems that he was advised differently by others, but this court has reached a different conclusion. He can take his deed, pay his money, and he has the title.